**Glindon ASHBROOK, Plaintiff,**

v.

**Carl D. KOWALICK, Defendant,**

and

**Volkswagen Insurance Company,
Garnishee.**

**Civ. A. No. 41867.**

United States District Court,
E. D. Pennsylvania.

July 15, 1971.

See also 332 F.Supp. 78.

Stephen M. Feldman, Feldman & Feldman, Philadelphia, Pa., for plaintiff.

John J. Connors, Jr., Emas, Cohen & Connors, Philadelphia, Pa., for defendant.

### OPINION AND ORDER

FULLAM, District Judge.

Plaintiff, having obtained a judgment against the defendant Kowalick for an amount in excess of the limit of coverage of his liability insurance policy, seeks in these garnishment proceedings to recover the excess from the insurance company on the theory that the company's failure to settle within the policy limits amounted to bad faith.

The parties have stipulated the underlying facts, and both sides have moved for summary judgment. However, the parties have not stipulated with respect to the inferences to be drawn from the underlying facts. Indeed, plaintiff's demand for a jury trial has not been withdrawn. Under these circumstances, it is apparent that neither motion for summary judgment can be granted, unless the only rational conclusion to be derived from the stipulated facts is either (a) that bad faith has been established, or (b) that bad faith has not been established.

After careful review of the stipulated facts, I have concluded that a fact finder could reasonably go either way on the question of bad faith, and that the case is therefore not appropriate for summary disposition.

■ It cannot be ruled as a matter of law that the insurance company must be exonerated merely because it finally did offer the full policy limits, well in advance of trial. This offer was withheld for more than a year after the date on which plaintiff's counsel stated that his offer to accept the policy limits would expire; and was made long after it was apparent to all concerned that liability was inevitable, and that the verdict would undoubtedly greatly exceed the policy limits. Moreover, although the company had originally notified its assured that the claim might exceed the limits of the policy, and that the assured could obtain independent counsel, the company never did advise the assured of plaintiff's willingness to settle within the policy limits.

■ On the other hand, the stipulated facts do not establish bad faith as a matter of law. The company claims to have had no knowledge of the assertion of a claim until suit was filed. Plaintiff's offer to settle within the policy limits, made shortly after filing suit, by its terms was to remain open only for a period of two weeks. The offer was not flatly rejected; the company merely stated that it needed more time for its investigation before reaching a decision with respect to plaintiff's offer. The reasonableness of this position, under the circumstances, is a matter for evaluation by a fact finder. Moreover, assuming the fact finder might conclude that the ultimate offer was unreasonably tardy, it might nevertheless be concluded that an earlier offer, made within a reasonable time, would nevertheless have been beyond plaintiff's cut-off date, and thus presumably of no avail. (On the other hand, it might be concluded, that the defendant, not having made an offer within a reasonable time, cannot now be permitted to speculate that such an offer would have been rejected by the plaintiff.)

Counsel for both sides have presented excellent briefs in which all of the reported decisions on these subjects are reviewed and analyzed. In the final analysis, however, the issue now before the Court is purely factual. The parties are in substantial agreement as to the legal principles which define the obligations of the insurer in conducting litigation and making settlement decisions; they differ merely as to the ultimate factual conclusions.

■ Counsel have joined in requesting that, whatever the decision of this Court, the case be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292. In my view, however, as noted above, this case cannot be resolved until the factual dispute is determined. Interlocutory appeal at this stage would merely delay matters.